IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal Case No. 1:04-cr-00283-2 (RDA) |
| ) | |
| OSCAR ANTONIO GRANDE, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Defendant Oscar Antonio Grande ("Defendant") Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A) ("Motion") . Dkt. 666. Considering the Motion, the Compassionate Release Presentence Investigation Report (Dkt. 668), Defendant's Supplemental Memorandum (Dkt. 669), the Government's Opposition (Dkt. 670), and Defendant's Reply (Dkt. 671), it is hereby ORDERED that the Motion is DENIED.

### I.   BACKGROUND

This case commenced on June 24, 2004, when the Government filed a 5-count Indictment related to Defendant's involvement in MS-13 whereby the Defendant was alleged to have: (1) conspired to tamper with a witness or informant; (2) conspired to retaliate against a witness or informant; (3) killed a person aiding a federal investigation; (4) tampered with a witness or informant; and (5) retaliated against a witness or information. Dkt. 1. On July 14, 2004, Defendant appeared before the Court, waiving formal arraignment, pled not guilty, and demanded a trial by jury.  On October 1, 2004, the Government filed a notice seeking the death penalty against Defendant. Dkt. 114. The jury trial commenced on April 11, 2005 and the jury returned a verdict of guilty on all five counts. The jury reconvened for the penalty phase on May 23, 2005 and received instructions highlighting that they were to decide between handing down the death

penalty or the statutory penalty under 18 U.S.C. § 1111(b) requiring "imprisonment for life." On June 14, 2005, the sentencing jury returned and advised the Court that it was unable to reach a unanimous verdict as to sentencing Defendant to a term of life or to the death penalty, which automatically commuted the sentence to life without the possibility of parole. The Court rendered Defendant's sentence of a term of life imprisonment without parole on September 9, 2005.

Defendant then sought to file a motion under 28 U.S.C. § 2255, which was denied after a hearing was held and evidence was received as to whether issuing a certificate of appealability was proper. The Court's order denying Defendant's motion was appealed to the Fourth Circuit and affirmed on the grounds that Defendant had not made "a substantial showing of the denial of a constitutional right." *See United States v. Grande*, 285 F. App'x 104, 104 (4th Cir. 2008) (per curiam) (quoting 28 U.S.C. § 2253(c)(1) (2000)).

On July 16, 2020, Defendant petitioned the Bureau of Prisons ("BOP") requesting a reduction in sentence. Dkt. 670-1. On July 29, 2020, the warden denied Defendant's request on the grounds that Defendant had not described "extraordinary or compelling circumstances" or "[p]roposed release plans" as required by Program Statement 5050.50. *Id*. On October 19, 2020, Defendant sought to appeal the BOP's denial for a reduction in sentence. Dkt. 670-2. On November 2, 2020, the warden again denied Defendant's application on the same grounds as the first denial. *Id.* Approximately 15 and a half years after being sentenced, Defendant moved *pro se* for compassionate release before this Court on March 22, 2021 and requested that this Court appoint counsel for him to assist with that motion. Dkt. 666. This Court appointed counsel for Defendant under the Criminal Justice Act and Defendant filed a Supplemental Memorandum in support of his Motion. Dkt. Nos. 667; 669. The Government opposes Defendant's Motion, and Defendant filed his Reply. Dkt. Nos. 670; 671.

II. ANALYSIS

Defendant requests that pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), this Court reduce his sentence to a term of years as opposed to the life sentence he is currently serving. Dkt. 666. He argues that this reduction is warranted for two reasons. *Id*. First, Defendant maintains that he has exhausted administrative remedies such that moving before this Court is proper. Second, Defendant submits that "extraordinary and compelling reasons" justify a reduction in sentence because Supreme Court law subsequent to Defendant's sentencing no longer requires a mandatory life term of imprisonment and instead requires the application of the § 3553(a) factors, which Defendant argues would lead the Court to find that Defendant's sentence should be reduced. Dkt. Nos. 666 at 3, 6; 669 at 1-7. Defendant further adds that his "educational achievements" while imprisoned and the concerns raised by COVID-19 are additional "extraordinary and compelling reasons" for reducing Defendant's sentence. Dkt. 666 at 3.

A. Whether Defendant's Motion is Ripe for Review

Defendant asserts that he has exhausted administrative remedies, as he had not received a response from the warden thirty days after filing his request for compassionate release with FCI Atwater. The Government disagrees. Dkt. 670 at 14. Section 3582 permits a defendant to file a motion before this Court after first requesting that the BOP bring a motion on his behalf provided that the defendant has (1) "fully exhaust[ing] all administrative rights to appeal . . . or" (2) after "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ." § 3582(c)(1)(A). As this circuit recently concluded, "[t]he words "or" and "whichever" make it unambiguously clear that Congress has provided defendants with two alternative ways to satisfy the threshold requirement." *United States v. Muhammad*, 16 F. 4th 126, 130 (4th Cir. 2021) (citing *United States v. Garrett*, 15 F. 4th 335, 338 (5th Cir. 2021)).

The Government argues that Defendant has not sufficiently exhausted his remedies with the BOP because Defendant did not present any claims for sentence reduction due to alleged errors during trial and sentencing. For one, Congress has determined that "BOP, not the Court, is better positioned to first evaluate a defendant's request and consider whether modification of a term of imprisonment is appropriate." *United States v. Beahm*, No. 1:05-cr-249, 2020 WL 4514590 (E.D. Va. August 5, 2020). And in presenting his claims before the BOP, "in order to properly exhaust, [the defendant] is required to present the same or similar grounds for compassionate release in a request to [BOP] as in a motion to the court." *United States v. Streeter*, No. 2:16-cr-167, 2021 WL 1291767, at *2 (N.D. Ind. April 7, 2021).

Here, although Defendant expounds upon the facts that make his request "extraordinary and compelling," his request before this Court and before the BOP always asserted the same "extraordinary and compelling" ground for relief. Even more, as Defendant's Reply rightly notes, the text of § 3582(c)(1)(A) is disjunctive and therefore Defendant may file a motion before this Court 30 days after he has filed his request before the BOP. Defendant filed his first request with the BOP on July 16, 2020 and filed his motion before this Court on March 22, 2021. Dkt. Nos. 670-1; 666. Noting that more than 30 days had passed between those two filings, Defendant's motion is ripe for review. *See Muhammad*, 16 F.4th at 129 ("The text of § 3582(c)(1)(A) plainly provides that a defendant may file a motion on his own behalf 30 days after the warden receives his request, regardless of whether the defendant exhausted his administrative remedies.").

B. Whether Sentence Reduction is Warranted

Turning to whether such conditions exist to justify Defendant's release, this Court finds under the present circumstances, "extraordinary and compelling reasons" do not exist to warrant a reduction in sentence pursuant to § 3582(c)(1)(A).

If the court determines that a defendant has satisfied the exhaustion requirement, the Court must next determine whether the "factors set forth in section 3553(a)" and "extraordinary and compelling reasons" warrant the defendant's reduction in sentence pursuant to 18 U.S.C. § 3582(c)(1)(A). *United States v. McCoy*, 981 F.3d 271 (4th Cir. 2020).

The First Step Act, the statute authorizing courts to consider motions for compassionate release like the one Defendant brings, states that reduction is appropriate only in "extraordinary and compelling" circumstances. The text of the statute does not define the term, however, and Congress instead delegated to the United States Sentencing Commission ("the Sentencing Commission") the responsibility of defining the scope of that phrase. *Id.* Accordingly, 28 U.S.C. § 994(t) provides that:

> [t]he Commission, in promulgating general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) of title 18, shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples. Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason.

28 U.S.C. § 994(t). The Sentencing Commission determined, in pertinent part, that:

> [u]pon motion of the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that – (1)(A) Extraordinary and compelling reasons warrant the reduction; . . .[1] (2) The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and (3) The reduction is consistent with this policy statement.

U.S.S.G. § 1B1.13.

---

[1] Defendant is not "at least 70 years old," U.S.S.G. § 1B1.13, and thus, the omitted subsection (1)(B) is inapplicable to the case at hand.

Further, the Sentencing Commission has indicated that if a defendant "is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)," then "extraordinary and compelling reasons exist" if the defendant's medical condition, age, family circumstances, or other reason justify such release. U.S.S.G. § 1B1.13, cmt. n.1. In weighing the danger the Defendant poses to the community, courts are directed to consider a number of factors including "the nature and circumstances of the offense charged, including whether the offense is a crime of violence, . . . or involves a minor victim[;]" "the weight of the evidence against the person;" "the history and characteristics of the person[;]" and "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." 18 U.S.C. § 3142(g).

After the enactment of the First Step Act, many district courts, including this Court, have determined that the factors set forth in U.S.S.G. § 1B1.13, cmt. n.1 "provide[ ] helpful guidance, but . . . do[ ] not constrain a court's independent assessment of whether 'extraordinary and compelling reasons' warrant a sentence reduction under § 3582(c)(1)(A)." *United States v. Rodriguez*, 451 F. Supp. 3d 392, 401 (E.D. Pa. 2020) (quoting *United States v. Beck*, 425 F. Supp. 3d 573, 582 (M.D.N.C. 2019)) (citing *United States v. Redd*, 444 F. Supp. 3d 717, 725-26 (E.D. Va. 2020) and other cases). To be sure, § 3582(c)(1)(A) "requires [ ] that sentence reductions be consistent with 'applicable policy statements.'" *McCoy*, 981 F.3d at 281 (quoting 18 U.S.C. § 3582(c)(1)(A)). And there remains "no 'applicable' policy statement governing compassionate-release motions filed by defendants under the recently amended § 3582(c)(1)(A), and as a result, district courts are 'empowered . . . to consider *any* extraordinary and compelling reason for release that a defendant might raise.'" *McCoy*, 981 F.3d at 284 (emphasis in original) (quoting *United States v. Zullo*, 976 F.3d 228, 230 (2d Cir. 2020)).

6

This Court has "join[ed] other courts in concluding that a court may find . . . that extraordinary and compelling reasons exist based on facts and circumstances other than those set forth in U.S.S.G. § 1B1.13 cmt. n.1(A)-(C). . . ." *Redd*, 444 F. Supp. 3d at 726. Accordingly, this Court will treat the § 1B1.13 cmt. n.1(A)-(C) factors as a guide, but not as an exhaustive list of circumstances that could justify compassionate release. *See also United States v. Jackson*, No. 3:17-cr-29-2, 2021 WL 1723653, at *1 (E.D. Va. Apr. 30, 2021) (finding "[t]he policy statements are not binding but are informative and may be considered") (citing *McCoy*, 981 F.3d at 276). The *McCoy* court noted, however, that § 1B1.13 "remains helpful guidance even when motions are filed by defendants." 981 F.3d at 282 n.7. In the wake of *McCoy*, this circuit continues to consult § 1B1.13 for compassionate release motions. *See, e.g.*, *United States v. Trotman*, No. 20-6217, 2020 WL 7392287, at *2 (4th Cir. Dec. 17, 2020) (per curiam); *United States v. Adamson*, 831 F. App'x 82, 83 (4th Cir. 2020) (per curiam); *United States v. Nabaya*, No. 3:17-cr-3, 2021 WL 54361, at *6 (E.D. Va. Jan. 6, 2021); *United States v. Prater*, No. 3:13-cr-133, 2021 WL 54364, at *3 (E.D. Va. Jan. 6, 2021); *Perkins v. United States*, No. 2:18-cr-177, 2020 WL 7364222, at *2 (E.D. Va. Dec. 15, 2020); *United States v. Reid*, No. 2:02-cr-172-7, 2020 WL 7318266, at *2 (E.D. Va. Dec. 10, 2020).

      i. 18 U.S.C. § 3553(a) Factors

Defendant argues that had the Supreme Court's decisions in *Kimbrough v. United States*, 552 U.S. 85 (2007), and *Gall v. United States*, 552 U.S. 38 (2007) occurred prior to Defendant's sentencing, rather than being hamstrung by a statutory minimum requiring a life sentence without parole, the sentencing court would proceed under an "advisory, rather than mandatory guideline." Dkt. 669 at 2. Consequently, according to Defendant, the sentencing court would take the approach practiced today—assessing the advisory sentencing range pursuant to the United States

Sentencing Guidelines ("USSG" or "Guidelines") and then consider the factors enumerated in 18 U.S.C. § 3553(a).  A court's sentence must meet a standard of reasonableness.  *See United States v. Booker*, 543 U.S. 220, 260-61 (2005).  Accordingly, this Court must first assess application of the Section 3553(a) to Defendant's case before then turning to an assessment of whether Defendant's grounds for sentence reduction meet the "extraordinary and compelling" threshold. Section 3553(a) requires consideration of:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed—(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for– . . . the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines . . . (5) any pertinent policy statement . . . ; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

In the case at bar, a unanimous jury found Defendant guilty on five counts including tampering with a witness or informant, retaliating against a witness or informant, and killing a person aiding a federal investigation.  Dkt. 1.  As a result of Defendant's conviction, and after a jury deadlocked as to whether Defendant should receive the death penalty, this Court sentenced Defendant to life imprisonment without the possibility of parole pursuant to the mandatory minimum in effect at the time of sentencing.

Addressing the "nature and circumstances" prong, Defendant highlights that he committed these crimes when he was 20 years old and that he was developmentally at or below the 18 year-old juvenile threshold.  The Supreme Court has held in *Miller v. Alabama* that a sentence like

Defendant's is cruel and unusual under the Eighth Amendment, even in the case of murder for a juvenile. 567 U.S. 460, 470 (2012) ("[M]andatory life-without-parole sentences for juveniles violate the Eighth Amendment). Defendant contends that his exceptionally difficult upbringing contributes to the view that his "lack of maturity and underdeveloped sense of responsibility" as well as his vulnerability to "negative influences and outside pressures" like the MS-13 gang should lead a court to treat him as a juvenile for purposes of sentencing. *See* Dkt. 669 at 2-4 (citing *Miller*, 567 at 470). Defendant also relies on the sentencing disparities prong of § 3553(a) to argue that other similarly situated defendants in state court have "routinely" received sentences of "40, 30 and even fewer years." Dkt. 669 at 6-7.

While a court would certainly account for defendant's level of maturity and upbringing in assessing Defendant's appropriate sentence, as well as any potential for sentencing disparities, neither of these factors proves compelling enough that a sentencing court would find a life sentence without parole to be an unreasonable sentence for Defendant's crimes. Indeed, this circuit has held that mandatory life sentences for defendants aged 18 and 19 involved in an MS-13-related murder were not unconstitutional. *United States v. Chavez*, 894 F.3d 593, 609 (4th Cir. 2018).

Against the backdrop of positive factors Defendant has raised, a sentencing court must also weigh the negative factors. For example, the nature of Defendant's crimes are exceptionally heinous and § 3553(a)(2) requires that a court impose a sentence reflective of the "seriousness" of the crimes, "afford adequate deterrence to criminal conduct" to the broader public, and to protect the public from the Defendant's crimes. 18 U.S.C. § 3553(a)(2)(A)-(C). This Court has held that, in the face of a compassionate release motion, factors like the seriousness of a defendant's crimes weighs heavily against reducing defendant's sentence. *See, e.g.*, *United States v. Reyes*, No. 3:03-cr-195, 2021 WL 411437, at *6 (E.D. Va. Feb 5, 2021) (finding that the seriousness of a drug

9

dealing offense was sufficient to deny a compassionate release motion); *Albury v. United States*, 496 F. Supp. 3d 974, 981 (E.D. Va. 2020) (denying a motion for compassionate release after weighing the seriousness of drug trafficking crime). Moreover, the need to deter and protect the public from an individual capable of such offenses is paramount. *See United States v. Gray*, No. 1:08-cr-273, 2021 WL 3883653, at *2 (E.D. Va. August 10, 2021) (finding that a defendant's request for compassionate release could not overcome the fact that, in light of § 3553(a), a "sentence reduction would not reflect the seriousness of his offenses nor provide adequate deterrence to future criminal behavior"). Considering the brutal nature of Defendant's crimes, this Court considers Defendant's crimes among the most serious of offenses. As a result, this Court does not find that Defendant's sentence was unreasonable or otherwise undermines the factors set forth in § 3553(a).

### ii. U.S.S.G. § 1B1.13, cmt. n.1(A)-(C) Factors

In addition, in weighing the danger Defendant poses to the community, the nature of the offenses charged precludes consideration of other facts such as Defendant's current medical conditions, age or family circumstances. Defendant "is a danger to the safety" of persons in his community. U.S.S.G. § 1B1.13, cmt. n.1. Defendant not only committed murder, he murdered a minor and was convicted by a unanimous jury. Defendant also had a significant criminal history prior to his conviction, buttressing this Court's view that Defendant poses an extreme danger to the public. 18 U.S.C. § 3142(g).

Even if this Court did not deem Defendant sufficiently dangerous under the § 3142(g) factors, Defendant's current medical conditions, age, nor apparent family circumstances do not suggest "extraordinary and compelling reasons" that warrant a reduction in the term of Defendant's imprisonment.

a. Medical Condition of Defendant

With respect to medical conditions, U.S.S.G. §1B1.13, cmt. n.1(A) provides that an "extraordinary and compelling reason" exists where:

> (i) [t]he defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

U.S.S.G. § 1B1.13, cmt. n.1(A)(i). Additionally, subsection (ii) of that same provision sets forth that a defendant's medical conditions may be indicative of a "an extraordinary and compelling reason" for release when a defendant is:

> (I) suffering from a serious physical or medical condition, (II) suffering from a serious functional or cognitive impairment, or (III) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

U.S.S.G. § 1B1.13, cmt. n.1(A)(ii).

Defendant has not demonstrated to the Court that he has a medical condition that may be presently described by the characteristics set forth in U.S.S.G. § 1B1.13, cmt. n.1(A)(i) and (ii), and thus § 1B1.13, cmt. n.1(A)(i) and (ii) does not counsel in favor of release.

b. Age of Defendant

Further, because Defendant is 39 years old, his age does not support a finding of a sentence reduction. United States Sentencing Guideline § 1B1.13, cmt. n.1(B) indicates that "extraordinary and compelling reasons" exist where "[t]he defendant (i) is *at least 65 years old*; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is

less." U.S.S.G. § 1B1.13, cmt. n.1 (B) (emphasis added).  Defendant does not meet the age requirement, which further supports a finding that compassionate release is inappropriate.

### c. Family Circumstances

Additionally, "extraordinary and compelling reasons" for release may exist when "(i) [t]he death or incapacitation of the caregiver of the defendant's minor child or minor children" has occurred or where "(ii) [t]he incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner[,]" has taken place.  U.S.S.G. § 1B1.13(C).

Here, while Defendant's collection of supporting letters filed on his behalf reveal that Defendant's mother and father are in poor health, Dkt. 676-1 at 15, Defendant does not assert extenuating family circumstances as an "extraordinary and compelling" basis for a reduction in his sentence and nor does Defendant carry the burden of showing he is the "*only* available caregiver" for his parents.  *See generally* Dkt. Nos. 666; 669; U.S.S.G. § 1B1.13(C) (emphasis added).

### d. Other Reasons

Finally, U.S.S.G. § 1B1.13(D) explains that "extraordinary and compelling" circumstances may be present where "[a]s determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)."  For the reasons set forth above, this Court will not rely on the provision of subsection C that requires that an additional reason be first "determined by the Director of the Bureau of Prisons." U.S.S.G. § 1B1.13(D).  Accordingly, this Court will address the "other reasons" that Defendant argues justify a reduced sentence—namely

that he has been rehabilitated, made significant educational achievements, and has been exposed to COVID-19.  Dkt. 666 at 3.  This Court disagrees.

Defendant first argues that while incarcerated, he has participated in a host of "educational and recreational activities and programs" with an "eagerness to better himself."  *Id.* at 5.  While this Court commends Defendant for his commitment to rehabilitation, this factor on its own cannot justify a reduction in sentence.  *See, e.g.*, *United States v. Pilgrim,* No. 3:19-cr-50-01, 2021 WL 2003548 at *4 (E.D. Va. May 19, 2021) (defendant's "commendable activity" in taking "educational and vocational courses and earn[ing] [his] GED" did "not overcome [his] violent offense conduct or lessen in any way the need to deter [him] and to protect the public"); *United States v. Woolridge*, 2021 WL 415131, at *3 (E.D. Va. Feb. 24, 2021) ("And the Sentencing Commission has emphasized that a defendant's rehabilitation while incarcerated, alone, proves insufficient to warrant a sentence reduction."); *United States v. Hill*, No. 3:14-cr-114, 2020 WL 6049912, at *5 (E.D. Va. Oct. 13, 2020) ("Congress made clear [in 28 U.S.C. § 994(t)] that '[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason'" for granting a motion for compassionate release); *see also id.* (describing how despite defendant's "participation in an extensive number of educational and vocational programs[,]" such efforts do "not warrant his early release in light of the seriousness of his convictions and the time remaining on his sentence."); *United States v. Lloyd*, No. 2:11-cr-36, 2020 WL 4501811, at *4 n.7 (E.D. Va. August 5, 2020) ("[Defendant's] good behavior and pursuit of education in an institutional setting is insufficient to tip the scales in his favor based on the consideration of the record as a whole.").

Without more, Defendant also raises his exposure to COVID-19 as a "possible consideration" for a reduction in sentence.  Dkt. 666 at 3.  To the extent that Defendant makes the

argument that by virtue of his incarceration, he is at a heightened risk for contracting COVID-19, this Court finds Defendant's argument unavailing. This Court recognizes the importance of Defendant's health, the health of all persons detained, and the significance of the public health emergency triggered by COVID-19. The Court does not take these circumstances lightly. However, as this Court has indicated on prior occasions, "the threat of COVID-19 both in- and outside of prison walls, and Defendant's fear of contracting COVID-19 cannot justify his release." *Feiling*, 453 F. Supp. 3d 832, 842 (E.D. Va. 2020); *see also United States v. Thompson*, 984 F.3d 431, 435 (5th Cir. 2021) ("Fear of COVID doesn't automatically entitle a prisoner to release."); *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release . . . ."); *United States v. Day*, 474 F. Supp. 3d 790, 805 (E.D. Va. 2020) ("[W]hile the global health crisis is no doubt extraordinary, it affects all prisoners; and the risk of being infected by COVID-19, standing alone, fails to justify an inmate's compassionate release."); *United States v. Chandler*, No. 3:15-mj-122, 2020 WL 6139945, at *5 (E.D. Va. Oct. 19, 2020) ("Indeed, a general fear of contracting COVID-19, without a sufficient basis for that fear, does not provide an extraordinary and compelling reason for a defendant's release."). Defendant has not made a particularized showing of susceptibility to the disease or a particularized risk of contracting the disease at his specific prison facility. *Adamson*, 831 F. App'x at 83 (quoting *Feiling*, 453 F. Supp. 3d at 841 (E.D. Va. 2020)); *see United States v. Blevins*, 832 F. App'x 192, 192 (4th Cir. 2020) (per curiam). Nor does the PSR filed in connection with the Motion indicate any health issues which make Defendant more susceptible to contracting COVID-19 and its side effects. *See* Dkt. 668 at 24-25.

## III. CONCLUSION

While Defendant has filed a Motion for Compassionate Release before this Court, Defendant is notified that "Congress has provided a detailed roadmap to guide federal defendants who wish to contest the validity of their convictions or sentences." *United States v. Sanchez*, 891 F.3d 535, 538 (4th Cir. 2018). Once a direct appeal to the court of appeals and then a petition to the Supreme Court proves futile, a defendant "may attack his sentence collaterally under 28 U.S.C. § 2255." *Id*. A Motion for Compassionate Release is not to displace a habeas petition in challenging the validity of a sentence. As such, Defendant remains free to seek authorization from the court of appeals in order to bring a second habeas petition pursuant to the requirements outlined in § 2255.

Accordingly, for the foregoing reasons, it is hereby ORDERED that Defendant's Motion (Dkt. 666) is DENIED.

It is SO ORDERED.

Alexandria, Virginia
February 8, 2022

/s/
Rossie D. Alston, Jr.
United States District Judge